UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

RONALD LEVANS as attorney in fact for
IVY LEVANS, wife of Gerald Levans, deceased,
and on behalf of the Wrongful Death
Beneficiaries of Gerald Levans,

    Plaintiff,

v.                                                         NO. _____
                                                           JURY DEMANDED
SAINT FRANCIS HOSPITAL-BARTLETT, INC.

    Defendant.

---

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE EMERGENCY MEDICAL TREATMENT AND ACTIVE LABOR ACT**

---

### I. PRELIMINARY STATEMENT

1. This is an action seeking damages suffered by Gerald Levans (Mr. Levans) as a result of Defendant's violation of the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd.

### II. PARTIES

2. Ivy and Mr. Levans were married at the time of Mr. Levans' death.

3. Ivy Levans granted power of attorney over her financial matters, including her right and ability to institute legal actions, to her son, Ronald Levans, on March 26, 2013.

4. Defendant Saint Francis Hospital-Bartlett, Inc. is a hospital facility and an active

1

Tennessee corporation licensed to do business in the State of Tennessee. Its principal office is located at 1445 Ross Ave., Ste. 1400, Dallas, Texas 75202. Its registered agent for service of process is CT Corporation System, 800 S. Gay Street, Ste. 2021, Knoxville, Tennessee 37929.

5. At all times relevant, Defendant's hospital facility was located at 2986 Kate Bond Rd., Bartlett, Tennessee.

6. Mr. Levans received treatment at that hospital on March 1, 2013.

7. At all times relevant to this action, the Defendant operated a hospital that participated in the federal Medicare and Medicaid program and had an emergency room department. Saint Francis-Bartlett, was therefore, subject to and obliged to conform to the requirements and duties of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd.

### III. JURISDICTION AND VENUE

8. This Court has jurisdiction over this action and venue is proper in this Court.

### IV. FACTS

9. On March 1, 2013, Mr. Levans presented to the emergency department at Saint Francis Hospital-Bartlett.

10. Mr. Levans complained of tingling and a burning sensation in his feet, legs, and abdomen, and of pain in his back and abdomen. He also stated that he had not moved his bowels since the day before.

11. Nursing assessments noted that Mr. Levans had reported being diagnosed by other physicians at Saint Francis-Bartlett with fractured vertebra earlier that week

12. The first emergency room physician to provide care or treatment to Mr. Levans was Yuen-Yee Anna Fong, DO.

13. Dr. Fong diagnosed Mr. Levans with constipation and acute back pain and provided some treatment.

14. Dr. Fong did not document that she examined Mr. Levans' back, legs or neuro-musculoskeletal system.

15. Dr. Fong did not document that she performed any other additional assessments or screenings on Gerald Levans on March 1, 2013.

16. Dr. Fong discharged Gerald Levans at approximately 0649.

17. Mr. Levans was "restored" to the emergency department at approximately 0711 and the discharge was "undone" at approximately 0726.

18. The discharge was "undone" because Mr. Levans was noticed to be suddenly unable to walk without assistance.

19. Mr. Levans' acute inability to walk without assistance was a sign that Mr. Levans was suffering from an emergency medical condition which had not been stabilized.

20. Dr. Fong consulted with the emergency room physician who was coming on duty, Abbas Mirza, M.D.

21. According to the medical records, Dr. Fong did not perform an assessment or examination of Gerald Levans' inability to ambulate without assistance, despite Dr. Fong's awareness that this condition was a symptom of an emergency medical condition.

22. Dr. Fong ordered an MRI of the lumbar spine.

23. According to the medical records, Dr. Fong did not review the MRI results. Dr. Fong transferred responsibility for Mr. Levans' care to Dr. Mirza without stabilizing Mr. Levans' emergency medical condition.

24. According to the medical records, Dr. Mirza did not review the MRI results.

25. The MRI of the lumbar spine was normal.

26. Mr. Levans fell after the MRI was completed and while still in the emergency department.

27. Members of the nursing staff knew that the fall had occurred.

28. No member of the nursing staff conducted an assessment of Mr. Levans after the fall.

29. No member of the nursing staff informed Dr. Mirza of the fall, according to the medical records.

30. The fact that the fall occurred was not documented in the medical records.

31. At 1146, Dr. Mirza ordered Mr. Levans' discharge.

32. Dr. Mirza did not document that he performed any examination or assessment of Mr. Levans at any time prior to discharge.

33. Dr. Mirza chose to discharge Mr. Levans despite knowing that Mr. Levans had an emergency medical condition that had not been stabilized.

34. The nurse's notes indicated that at discharge Mr. Levans was still experiencing weakness present in the back of his leg and back of his right leg, which was active symptom of Dr. Levans' unstable emergency medical condition.

4

35. The nursing staff knew of Mr. Levans' underlying emergency medical condition, but chose to discharge him in an unstable condition.

36. On March 2, 2013, Mr. Levans returned to the emergency department at Saint Francis Hospital-Bartlett via wheelchair.

37. Mr. Levans could no longer walk.

38. A thoracic MRI identified not only a compression fracture of a vertebra, but also a mass that had significantly compressed Mr. Levans' spinal cord.

39. Mr. Levans was transferred to another hospital for emergency spinal surgery.

40. Mr. Levans subsequently underwent rehabilitation for lower extremity paralysis and neurogenic bowel and bladder.

41. Mr. Levans died on April 18, 2013 from sepsis.

42. On or about July 11, 2013, Defendant was notified that the Centers for Medicare and Medicaid Services had concluded that Defendant had violated provisions of EMTALA during the care and treatment of Mr. Levans on March 1, 2013.

43. Mr. Levans suffered mental and physical pain and suffering and subsequently died as a result of those violations of EMTALA.

## V. CAUSES OF ACTION

44. Pursuant to 42 U.S.C. § 1395dd(b), if an individual comes to a hospital and the hospital determines that the individual has an emergency medical condition, as that term is defined by 42 U.S.C. § 1395dd(e)(1), the hospital must provide "within the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to

stabilize the medical condition."

45. Pursuant to 42 U.S.C. § 1395dd(c), an individual with an emergency medical condition which has not been stabilized, as that word is defined in 42 U.S.C. § 1395dd(e), the individual should not be discharged.

46. On March 1, 2013, Defendants, through its authorized agents and employees, had actual knowledge that Mr. Levans was suffering from an emergency medical condition.

47. Mr. Levans' emergency medical condition was not stabilized after it was discovered.

48. Defendant, through its authorized agents and employees, discharged Mr. Levans despite having actual knowledge that he was suffering from an emergency medical condition that had not been stabilized.

49. Defendants' failure to stabilize Mr. Levans despite having knowledge that he suffered from an emergency medical condition was reckless.

50. Defendant, through its authorized agents and employees, violated 42 U.S.C. § 1395dd(b) & (c) on March 1, 2013 during the care and treatment provided to Mr. Levans.

51. Mr. Levans suffered personal harm as a direct result of Defendant's violations of 42 U.S.C. § 1395dd(b) & (c).

52. Plaintiff is entitled to recover damages as a result of Defendant's violations of 42 U.S.C. § 1395dd(b) & (c).

## VI. PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that the court:

a. Declare Defendant's practices as complained of herein to be in violation of the EMTALA.

b. Grant Plaintiff all damages, including compensatory and punitive damages, to which he is entitled to under EMTALA as a result of the actions complained of herein.

c. Grant Plaintiff a trial by jury.

d. Grant Plaintiff his costs incurred in this action.

e. Grant Plaintiff such other further relief both general and specific as the court deems necessary and proper in this case.

Respectfully submitted,

/s/ Chad D. Graddy
_____
CHAD D. GRADDY #023196
MORGAN & MORGAN – MEMPHIS, LLC
One Commerce Square, Suite 2600
Memphis, Tennessee 38103
Phone: (901) 333-1841
Fax: (901) 333-1897
*Attorney for the Plaintiff*